UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
LUIS JAIME,
:
:
                 Plaintiff,  :
:
     -v-  :
:
CORRECTION OFFICER CANNON et al,  :
:
               Defendants.  :
:
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/24/2022

20-cv-10098 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Defendants move for an order compelling Plaintiff to provide properly executed medical releases allowing Defendants to obtain medical records for all treatment Plaintiff received as a result of the incident alleged in the complaint by a date certain. Dkt. No. 26. Defendants further respectfully request that the Court warn Plaintiff that failure to do so is grounds for dismissal on the basis of failing to prosecute this matter. *Id.* Plaintiff has filed no opposition to the motion.

    The complaint alleges a claim of excessive force. Dkt. No. 1. At the time of the incident in question, Plaintiff was a pretrial detainee housed at Rikers Island in New York. The Defendants are three correctional officers who Plaintiff alleges exercised excessive force against him. Plaintiff alleges he suffered bruising, swelling, pain and suffering and is still undergoing physical therapy for his injuries. He demands monetary damages for his injuries. Plaintiff is represented by counsel.

    At the initial pretrial conference on December 13, 2021, the Court directed Plaintiff to return a completed medial release to Defendants by January 10, 2022. That direction was reflected in the Court's minute order of the same day. At that conference, the Court asked counsel for Plaintiff why the medical release should not be completed by the deadline for

Plaintiff's initial disclosures—December 27, 2021.  Counsel for Plaintiff indicated no objection to Defendants' entitlement to the medical release but requested additional time given logistical issues with mailing items at Rikers Island.  The Court thus gave Plaintiff until January 10, 2022 to provide the medical release.

A long line of cases in this Circuit has held that "where a plaintiff has put his medical condition at issue, discovery of relevant medical records may be warranted."  *See, e.g.*, *Kelly v. Times/Review Newspapers Corp.*, 2016 WL 2901744, at *1 (E.D.N.Y. May 18, 2016) (citing cases).  Plaintiff has put his medical condition at issue, and Defendants cannot obtain Plaintiff's records without the requisite medical releases.  At the initial pretrial conference, Plaintiff lodged no objection to the direction that he provide medical releases.

Accordingly, the motion to compel is GRANTED.  It is ORDERED that, by **February 4, 2022**, Plaintiff provide properly executed medical releases allowing Defendants to obtain medical records for all treatment Plaintiff received as a result of the incident alleged in the complaint.

Plaintiff is further warned that failure to comply with this Order could result in sanctions including dismissal of the complaint.  *See Burgess v. Goodman*, 2019 WL 719199 (S.D.N.Y. Feb. 20, 2019) (dismissing action with prejudice for failure to provide medical releases).

The Clerk of Court is respectfully directed to close Dkt. No. 26.

SO ORDERED.

Dated: January 24, 2022
    New York, New York

_____
LEWIS J. LIMAN
United States District Judge